**NOT FOR PUBLICATION**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC RODRIGUEZ; KIMBERLIN RODRIGUEZ, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SAN MATEO UNION HIGH SCHOOL DISTRICT, <br><br> Defendant - Appellee. | No. 08-16759 <br><br> D.C. No. 3:07-cv-02360-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 7, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,[**] District
Judge.

Plaintiffs Eric Rodriguez and his mother Kimberlin Rodriguez appeal the

district court's entry of summary judgment in favor of the defendant San Mateo

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lyle E. Strom, Senior US District Judge for District of
Nebraska, sitting by designation.

Union High School District ("School District") and dismissing plaintiffs' claims that were brought under the Individuals with Disabilities Education Act ("IDEA").

Appellants first contend that the district failed to provide Eric with a Free Appropriate Public Education ("FAPE") while he attended the high school. Appellants argue that the School District was required to conduct a behavioral intervention plan ("BIP") as defined by Cal. Code Regs. tit. V, § 3001(g). The ALJ found that Eric's behavior did not constitute a "serious behavior problem" as defined in the regulations, and therefore a BIP was not required. See Cal. Code Regs. tit. V, §§ 3001(g), (ab). The record reflects that Eric's behavioral problems did not rise to the level of severity necessary to trigger the need for a BIP. He did not cause harm or a serious threat of harm to persons or property and plaintiffs do not document other circumstances that would satisfy the regulation's requirements. Appellants also contend that Eric was denied a FAPE when the speech therapist changed the frequency of the therapy to consultation services. The therapist's testimony, however, adequately explained the reasons for this decision. The district court also properly affirmed the ALJ's finding that the School District did not deny Eric a FAPE by failing to refer him to county mental health services. The district court correctly analyzed the statutory provisions and concluded that the

2

statute did not require the participation of the mental health agency in Eric's case. There was no error. See generally Cal. Gov't Code § 7576 (1985).

For the first time on appeal, appellants contend that the school's own Individualized Education Program ("IEP") required consultation with mental health services, but the IEP stated only that it would do such consultation if the condition worsened; no argument that the IEP compelled a referral was raised before ALJ. Because the ALJ and district court properly held that the School District was not required to develop a "behavioral intervention plan," it was not required to have the school psychologist present at the 2003 IEP meetings. See 20 U.S.C. § 1414(d)(1)(B) (2000); 34 C.F.R. § 300.344(a) (1999); Cal. Educ. Code § 56341 (2002).

Pursuant to agreements between the juvenile court and his family, Eric was placed in an alternative educational placement outside the School District between March 2004 and June 2006. The School District was not consulted about the alternative placement. The Supreme Court's decision in Burlington v. Department of Education, holds that where a parent unilaterally places a child in an alternative setting after contesting an IEP, the parent does so at her own financial risk in the event that it is determined that the IEP was appropriate. 471 U.S. 359, 373-74 (1985). The California appellate court decision in In re John K. does not aid

appellants, for the court in that case found the district had not provided the student in question with a FAPE prior to his alternative placement. 170 Cal. App. 3d 783, 797 (Cal. Ct. App. 1985). Here the School District did.

AFFIRMED.